RECEIVED
MAY - 4 2006
ROBERT H.
WESTERN ... LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RENNY CROCHET** | **CIVIL ACTION NO. 05-0409** |
| **VERSUS** | **MAGISTRATE JUDGE METHVIN** |
| **U.S. COMM. SOCIAL SECURITY ADMINISTRATION** | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

On March 7, 2005, Renny Crochet filed a Complaint, requesting that the Commissioner's unfavorable disability finding be reversed.[1] The Commissioner answered the Complaint on June 3, 2005.[2] A scheduling order was issued, setting August 2, 2005 as the deadline for appellant to file a brief in support of his social security appeal.[3] Plaintiff did not file a brief, and therefore, on April 10, 2006, an order was issued requiring plaintiff to file his brief within ten days.[4] The order notified plaintiff that a failure to timely file a brief would result in a dismissal of his case. To date, no brief has been filed.

Social Security appellants are required to set forth their grounds for appeal in the briefs submitted pursuant to the court's scheduling order. Plaintiff in the case at bar has failed to present his grounds for appeal and has failed to comply with the court's scheduling order and the undersigned's April 10, 2006 order.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] Rec. Doc. 7.

[4] Rec. Doc. 8.

Fed.R.Civ.P. 16(f) provides for the imposition of sanctions for violations of scheduling and pretrial orders of the court as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Under Rule 37(b)(2)(C) the district court is specifically authorized to dismiss a claim. F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir.1994). Rules 16 and 37 set forth the court's discretionary power to control the expeditious disposition of docketed cases. Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D.TX. 1998).

As detailed above, Crochet failed to comply with a court order requiring him to file a brief in support of his social security appeal. Crochet was warned that failure to file the brief would be considered a withdrawal of his appeal and would lead to a dismissal of his case. Accordingly, dismissal is the appropriate sanction in this case.

Although dismissal with prejudice is an option, the law favors the resolution of legal claims on their merits. In re Dierschke, 975 F.2d 181, 183 (5th Cir.1992).[5] Dismissal with prejudice is an "extreme sanction that deprives the litigant of the opportunity to pursue his claim." Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995). Further, the undersigned

---

[5] The Fifth Circuit has articulated the following factors that must be present before a district court may dismiss a case with prejudice as a sanction for violating that court's orders or rules: 1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; 2) a finding that lesser sanctions would be inappropriate or futile; and 3) the delay was caused by the plaintiff himself and not his attorney, or there was actual prejudice to the defendant, or the delay was caused by intentional conduct. Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir.1990); Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir.1992) (quoting Price v. McGlathery, 792 F.2d 472, 474 (5th Cir.1986); Callip v. Harris County Child Welfare Dept., 757 F.2d 1513,1519 (5th Cir. 1985).

notes that "the district court is bound to impose the least severe sanction available." <u>Gonzalez v. Trinity Marine Group, Inc.</u>, 117 F.3d 894 (5th Cir. 1997), citing <u>Carroll v. Jacques Admiralty Law Firm</u>, 110 F.3d 290 (5th Cir. 1997).

Although Crochet has clearly disregarded a court order, the "extreme" sanction of dismissal with prejudice is not the least severe sanction available. Therefore, it is appropriate that Crochet's claims be dismissed without prejudice. Considering the foregoing,

**IT IS HEREBY ORDERED** that the claims raised by Renny Crochet in his complaint are **DISMISSED WITHOUT PREJUDICE.**

Signed at Lafayette, Louisiana on May 4th /2004.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140      FAX 593-5155